*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br>NATHANIEL BASOLA SOBAYO,<br>Debtor. | Case No. 22-22864-E-13<br>Docket Contol No. DPC-3 |
| NATHANIEL BASOLA SOBAYO,<br>Plaintiff,<br>v.<br>THE BANK OF NEW YORK MELLON, et al.,<br>Defendants. | Adv. Proc. No. 23-2001<br>Docket Control No. CAE-1<br><br>This Memorandum Opinion and Decision and Order Relating Thereto Are Filed in Both the Bankruptcy Case and Adversary Proceeding, the Motion Having Been Filed in Both |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

## MEMORANDUM OPINION AND DECISION DENYING MOTION FOR RECONSIDERATION AND MOTION FOR CONTINUANCE OF ALL RELATED PROCEEDINGS

The court has provided this extensive and detailed Memorandum Opinion and Decision to the Motion for Reconsideration and Continuance for several reasons. First, for the court to provide the Debtor with a complete explanation of why the court is not granting the *ex parte* relief. Debtor failed to attend the hearings on several Objections to Confirmation, hearings he sought to have continued, and was not present when the court addressed this is open court.

Second, this is not the first or second bankruptcy case that has been filed by Debtor. Debtor has three prior cases dating back to December 2018 during which the grounds asserted for Reconsideration and For Continuance of All Related Proceedings has been made to the courts. The court reviews this history in this Memorandum Opinion and Decision.

Third, based on the Debtor's Schedules, he has assets of substantial value, with nonexempt equity, that are in the Bankruptcy Estate in his current bankruptcy case. The Chapter 13 Trustee has a motion pending to convert this case to one under Chapter 7 so that a Chapter 7 trustee administers those assets and the nonexempt equity recovered for Debtor's creditors, and those assets are not lost through the filing and ineffective prosecution of multiple bankruptcy cases by Debtor. This would also prevent the Debtor from losing exempt assets to foreclosure sales.

**MOTION FOR RECONSIDERATION AND CONTINUANCE**

Debtor Nathaniel Sobayo commenced his current bankruptcy case, 22-22864 (Debtor's "Current Fourth Bankruptcy Case") on November 3, 2022. On January 24, 2023, the same day as several objections to confirmation of the proposed Chapter 13 Plan filed by Debtor Nathaniel Sobayo were to be heard, Debtor filed an *ex parte* motion titled:

> Notice of Ex Parte Motion and Motion for Reconsideration of Order granting Relief From Automatic Stay to Gordon Property Management San Francisco ET AL; January 10, 2023and Notice of Experte [sic] Motion and Motion for Continuance of all Related Proceedings in These Cases In Order to Hire A Lawyer For Competent and Zealous Representation, to Represent Debtor and Plaintiff [Debtor having commenced an Adversary Proceeding, 23-2001, on January 3, 2023].

*Ex Parte* Motion, filed in this Debtor's Current Fourth Bankruptcy Case, Dckt. 108; and Debtor's Current Adversary Proceeding, 23-2001, Dckt. 11.

At the January 24, 2023 hearings, the court orally addressed the Debtor's *Ex Parte* Motion For Continuance of All Related Proceedings. The Debtor did not appear at the hearings. The court orally stated that it was denying the *Ex Parte* Motion For Continuance.

**OVERVIEW OF DEBTOR'S PRIOR BANKRUPTCY CASES**

Debtor has three prior bankruptcy cases that were dismissed. These cases are:

a. Eastern District of California Chapter 13 Case 22-20063 (Debtor's "Third Bankruptcy Case"):

i. Filed..........................January 11, 2022
ii. Dismissed...........................September 14, 2022
iii. Debtor was represented by counsel when the Third Bankruptcy Case was filed. Said counsel withdrew from representation of Debtor, with Debtor stating at the hearing that he did not oppose the withdrawal of counsel and that Debtor was seeking new counsel. 22-20063; July 7, 2022 Order, Dckt. 73.

iv. On July 28, 2022, Debtor filed an *Ex Parte* Application For Order of Continuance of Trustee's Motion to Dismiss in Order to Permit Adequate Time to Hire a Lawyer for Competent and Zealous Representation. *Id.*; Dckt. 74.

(1) Debtor requested that the hearing on the Trustee's Motion to Dismiss be continued from August 2, 2022, to September 19, 2022.

(a) Debtor states that the prior time granted by the court "is not reasonably sufficient for debtor to secure a competent and zealous attorney. . . ." *Id.*, p. 1:27-28. Debtor continues listing seven lawyers or Legal Services/Senior Adult Legal Assistant referrals he received.

(2) The Motion continues, appearing to include portions from a prior pleading.

(3) The court granted the *Ex Parte* Motion, continuing the hearing on the Trustee's Motion to Dismiss to September 13, 2022. *Id.*; Order, Dckt 82.

v. Previously in the Third Bankruptcy Case, on June 15, 2022, Debtor filed a *pro se* Opposition to the Trustee's Motion to Dismiss. *Id*. Dckt. 62. In the accompanying Memorandum with his Opposition, Debtor requested: (1) a jury trial on the Motion to Dismiss, and (2) that the hearing on the Motion to Dismiss be continued at least 120 days from the then set July 7, 2022 hearing date, so that Debtor can hire "a new lawyer to zealously, represent me, the same debtor, petitioner and plaintiff. . . ." *Id.*; Memorandum, Dckt. 62.

vi. The court granted Debtor's Motion to Continue the July 7, 2022 hearing date, continuing it to August 2, 2022. *Id.*; Order, Dckt. 72.

vii. The court then continued the hearing on the Motion to Dismiss again, to the September 6, 2022 hearing date. *Id.*; Order, Dckt. 82. Debtor requested the further continuance; *Id.*; *Ex Parte* Motion, Dckt. 74; with Debtor stating that the time previously given was not sufficient for "debtor to secure a competent and zealous representation attorney."

viii. The court denied the request for a further continuance, and granted the Trustee's Motion to Dismiss the Third Bankruptcy Case. *Id.*; Order, Dckt. 92.

Looking at just Debtor's Third and Fourth Bankruptcy Cases in the Eastern District of California, Debtor has been seeking to "secure a competent and zealous attorney" since June 15, 2022, here in the Eastern District of California. Debtor has had now more than seven (7) months to secure such

counsel.

b. Northern District of California Chapter 13 Case 19-50887 (Debtor's "Second Bankruptcy Case"):

i. Filed..........................April 20, 2019
ii. Dismissed..........................August 18, 2022.

iii. Debtor was represented by counsel in his Second Bankruptcy Case.

iv. On July 8, 2019, the Chapter 13 Trustee in Debtor's Second Bankruptcy case filed a Motion to Dismiss the case; 19-50887; Motion, Dckt. 31.

(1) The Trustee Motion grounds stated in the Motion include:

(a) Debtor failed to provide proof of Debtor being current on all Post-Petition payments on a Class 1 Secured Claim under the proposed plan. *Id.*, p. 1.

(b) Debtor's proposed plan included a nonstandard provision to pay the Class 1 Claim (a secured claim with prepetition defaults to be cured) directly rather than through the Plan as otherwise required for Class 1 claims.

(c) General Order 34 of the Northern District Bankruptcy Court requires that debtors seeking to use that nonstandard provision to provide evidence that such payments have been made.

(2) Debtor responded on July 22, 2019, to the Motion to Dismiss with a Motion to Continue the Chapter 13 Bankruptcy Case Proceeding; *Id.*; Dckt. 36, which grounds included the following grounds (the below listing not recounting all of the statements and allegations in the Motion to Continue):

(a) It has become apparent to Debtor that his bankruptcy counsel in the Second Bankruptcy Case is "not enthusiastic, passionate, nor zealous about the debtor's case. . . ." *Id.*, p. 1.

(b) Debtor has claims against "some Predatory, Fruadulent [sic] and Malicious Illegal Lenders . . . Yet, the attorney of records, continues to ignore, any such plea, nor all other series of pleas. . . ." *Id.*, p. 2.

(c) Thus, Debtor requested of the court in his Second Bankruptcy Case:

> [g]rant this debtor 120 days of continuance from the date of the granting of debtor's motion, or from the date of the hearing to dismiss case as scheduled by the Chapter 13 Trustee. It is also estimated that, seeking and getting approval of a pro bono bankruptcy law firm and or other attorney or attorneys to handle and help to handle and cure all errors of deficiencies as claimed by

the chapter 13 trustee, in order to be enabled to protect debtor's ; STATE OF CALIFORNIA AND UNITED STATES FEDERAL CONSTITUTIONAL LEGAL PROTECTIONS, but not limited to a comprehensive legal bankruptcy rights, civil rights, in efforts; to secure relief and peace in debtor's life, this will take, in the minimum, 120 days or longer, without creating and any harm what so ever to any and all legally bonafide creditors.

*Id*., p. 4.

(d) The bankruptcy judge did not grant the continuance and ordered the case dismissed by an Order entered on August 6, 2019. *Id*.; Dckt. 39.

v. On August 23, 2019, Debtor filed an *Ex Parte* Motion to Vacate the court's order dismissing the Second Bankruptcy Case. *Id*.; Dckt. 40.

(1) Debtor's grounds for vacating the Order Dismissing the Case included (but are not limited to):

(a) Reference is made to Debtor being the victim of

(i) "series of illegal lynching by a group of predatory lenders, probable money launders, fraudsters, and tricksters, for the past 27 months and still counting hitherto." *Id*., p. 2:6-8.

(b) Debtor seeks to:

[c]orrect possible conflicting errors caused by the manipulations of this debtor's enemies in series of their **DIABOLICAL TACTICS USED TO DECEIVE THIS HONORABLE COURT AND THE CHAPTER 13 TRUSTEE IN DISMISSING A GOOD FAITH EFFORTS TO RE-ORGANIZE THIS DEBTOR'S FINANCIAL CONDITIONS FOR SUCCESS AND A PEACEFUL LIFE.**

*Id*., p. 2:14-19.

(2) Identified state court proceedings were not stayed by the state court judge after the Second Bankruptcy Case was filed.

(3) That Debtor's lawyers were not providing "Zealous, Competent, and Or Loyal Legal Representation" for the Debtor. *Id*., p. 4:2-8.

(4) Improper rulings have been issued in the various state court actions.

(5) Parties in the state court actions failed to comply with the meet and confer requirements.

(6) Much of the grounds are stated as collateral attacks on various state court rulings and proceedings. Much of the pleading reads as if it were written to be filed in state court proceedings or copy and pasted from such pleading into the Motion to Vacate.

///

///

(7) In addition to vacating the order dismissing the case, all proceedings in the Second Bankruptcy Case should be continued to afford Debtor time for:

> Searching, Interviewing, Investigating, Making of Decisions; and For; Hiring Competent and Zealous Lawyers; With the Required Loyalty of this Debtor Petitioner. . . .

*Id.*, p. 30:7-15.

When this earlier date of July 22, 2019, when Debtor stated he was seeking "Zealous" and "Loyal" counsel, is cobbled onto the periods of the Third Bankruptcy Case and the Current Fourth Bankruptcy Case, Debtor has been on this search for forty (40) Months (August 2019 through January 24, 2023).

vi. On September 8, 2019, the bankruptcy judge denied the Motion to Vacate the Order Dismissing the Bankruptcy Case. *Id.*; Dckt. 43. In the Order the court:

(1) States that the bankruptcy case was dismissed not only due to the failure of Debtor to document that the post-petition payments had been made to the Class 1 creditor, but that Debtor had also failed to make any Chapter 13 Plan payments and that Debtor exceeded the debt limits for a Chapter 13 case. *Id.*; 2:13-17. Further, Debtor had not disputed these facts.

(2) The court then provided a discussion, including the applicable legal authorities, that the federal court did not have authority to review, and overrule, determinations in state court judicial proceedings. *Id.*, p. 2:18-22, 3:1-3.

vii. On September 16, 2019, Debtor filed a Notice of Appeal of the Order Denying the Motion to Vacate. Bankruptcy Appellate Panel No. NC-19-1231.

(1) The Bankruptcy Appellate Panel affirmed the bankruptcy court's order denying the Motion to Vacate. *Sobayo v. Derham-Burk (In re Sobayo)*, 9th Cir. Bankruptcy Appellate Panel No. NC-19-1231, 2020 Bankr. LEXIS 1403 (B.A.P. 9th Cir. 2020).

(a) In sustaining the bankruptcy court, the Bankruptcy Appellate Panel's decision includes the following:

> Mr. Sobayo has never advanced a relevant argument supporting reconsideration of the dismissal of his case. He did not assert, nor does the record reflect, any circumstances that would constitute mistake, inadvertence, surprise, or excusable neglect under Civil Rule 60(b)(1). While he states on appeal that the three bankruptcies he filed were "needlessly, negligently, and abusively dismissed without merits" due to "mistakes" of the bankruptcy court and the trustee, he failed to specifically identify any "mistakes" warranting reconsideration. Nor did he offer newly discovered evidence under

> Civil Rule 60(b)(2), argue that the dismissal order was void under Civil Rule 60(b)(4), or argue that it had been satisfied, discharged, or released under Civil Rule 60(b)(5). At best, his desire for adversary proceedings to address alleged issues in state court matters could be considered under the catch-all provision, Civil Rule 60(b)(6). But, his desire to file adversary proceedings does not excuse his missed plan payments, noncompliance with local rules, and chapter 13 ineligibility.
>
> We acknowledge the sincerity of Mr. Sobayo's view that he has been ill-served by his attorneys, lenders, and others. And we do not underestimate the difficulties that he has faced in navigating through disputes in several courts. But there is no basis consistent with controlling law for a reversal of the bankruptcy court's decision to deny the Reconsideration Motion.

*Sobayo v. Derham-Burk (In re Sobayo)*, 2020 Bankr. LEXIS 1403, *2-3.

c. Northern District of California Chapter 13 Case 18-52678 (Debtor's "First Bankruptcy Case"):

i. Filed..........................December 5, 2018
ii. Dismissed..........................February 4, 2019

iii. Debtor was represented by counsel in his First Bankruptcy Case.

iv. The First Bankruptcy Case was dismissed when Debtor failed to file, after having been granted an extension of time, required documents (amended Schedules, Amended Statement of Financial Affairs, and Chapter 13 Plan) and federal income tax returns. 18-52678; Order, Dckt. 33. *See,* Motion for Extension of time; *Id*., Dckt. 7.

**REVIEW OF CURRENT FOURTH BANKRUPTCY CASE**

Debtor has been in this, his Current Fourth Bankruptcy Case, since he filed it on November 3, 2022. A Chapter 13 Plan was filed on November 16, 2022. Dckt. 20. The basic terms of the Plan are:

A. The Term of the Plan is twelve (12) months. Plan, ¶ 2.03.

B. Debtor's monthly plan payment is $160. *Id*., ¶ 2.01.

C. Debtor is to sell the 2112 Lincoln Street, East Palo Alto, California property as additional funding for the Chapter 13 Plan.

D. For creditors to be paid through the Chapter 13 Plan, it provides:

1. Class 1 Secured Claim with pre-petition defaults, Plan ¶ 3.07(c)

a. None

///

///

2. Class 2 Secured Claims to be paid through the Plan, Plan ¶ 3.08(d)

a. None

3. Class 3 Secured Claims for surrender of collateral, Plan ¶ 3.09.

a. None

4. Class 4 Secured Claims for which there are no defaults and are not modified by the Plan, Plan ¶ 3.10.

a. Carrington Mortgage...........$1,641.10 Current Monthly Installment

b. Santander Consumer USA/Auto........$528.77 Current Monthly Installment

5. Class 5 Priority Unsecured claims, Plan ¶ 3.12.

a. None

6. Class 6 Unsecured Claims for special treatment (such as a third-party co-obligor), Plan ¶ 3.13.

a. None.

7. Class 7 General Unsecured Claims, Plan ¶ 3.14.

a. 100% dividend for projected $71,800.00 in claims.

The proposed Plan includes a nonstandard provision, ¶ 7.01, that modifies ¶ 2.01, stating that Debtor will list and sell the East Palo Alto, California property and that Debtor "intends" to close escrow within twelve months. *Id.*, p. 7. The proceeds will pay the Select Portfolio and Wells Fargo Bank, N.A. secured claims, and is "expected" to pay all "acceptable" unsecured and priority claims, "if any will paid accordingly." *Id.*

**Review of Schedules**

On his Schedule D, Debtor lists two creditors asserting secured claims against him:

Carrington Mortgage Services
($241,000) Disputed Claim Secured by "Real Estate Property"
(the collateral not identified)

Select Portfolio Serv'g
($224,000) Disputed Claim Secured by "Real Estate Property"
(the collateral not identified)

Schedule D, Dckt. 19 at 15.

On Schedule E, Debtor states that he has no creditors who are asserting priority unsecured

claims against him. *Id*. at 18.

**Review of Claims Register**

The Claims Register for this Current Fourth Bankruptcy Case includes the following Proofs of Claim filed by creditors who are asserting such claims against Debtor:

A. Proof of Claim 2-1 filed by Santander Consumer USA, Inc.

1. ($19,546.21) secured claim

a. Collateral 2020 Mitsubis Outlander SP

B. Proof of Claim 3-1 filed by the Internal Revenue Service

1. ($162,514.18) Secured Claim

a. Collateral: Real Estate Motor Vehicles, "*All of debtor(s) right, title and interest to property - 26 U.S.C. §6321."

2. ($95,422.38) Priority Unsecured Claim

3. ($87,719.41) General Unsecured Claim

C. Proof of Claim 4-1 filed by American Credit Acceptance

1. ($8,943.66) Secured Claim

a. Collateral: 07 BMW 3 Series, Notice of Lien

D. Proof of Claim 5-1 filed by Bank of New York Mellon, as Trustees, with Carrington Mortgage Services, LLC listed as the loan servicer.

1. ($241,696.95) Secured Claim

a. Collateral: 519 Granite Way, Vacaville, CA.

E. Proof of Claim 6-1 filed by Wheels Financial Group LLC, dba 1-800LoanMart.

1. ($23,498.72) Secured Claim

a. Motor Vehicle, Secured Title Loan

F. Proof of Claim 10-1 filed by Wells Fargo Bank, N.A., as Trustee, with Select Portfolio Servicing, Inc. listed as the loan servicer.

1. ($862,700.56) Secured Claim

a. Collateral 2112 Lincoln Street, East Palo Alto, California.

**Debtor's Prosecution of the Current Fourth Chapter 13 Case**

Since the November 3, 2022 filing of this Current Fourth Bankruptcy Case and the

November 6, 2022 filing of the Chapter 13 Plan, and November 8, 2022 filing of a Motion to Extend the Automatic Stay, it does not appear that Debtor has taken any steps in prosecuting this case. The majority of Debtor's filings have been to continue hearings and all proceedings in this Current Fourth Bankruptcy Case based on him continuing to try and find "zealous" counsel to represent him.

In the Internal Revenue Service's Objection to Confirmation of the Debtor's Plan (Dckt. 63), the grounds include:

A. Debtor has not filed tax returns for:

1. 2021,

2. 2020, and

3. 2019.

B. Debtor's Plan does not provide for the Internal Revenue Service secured, priority, and general unsecured tax liabilities.

In the Trustee's Objection to Confirmation (Dckt. 72), the Trustee's grounds include: (1) Debtor not providing the Trustee with the required business questionnaire, six months of bank statements, and tax returns. Additionally, Debtor does not provide information as to how he will, under the Plan, market and sell the East Palo Alto property, and whether such net proceeds will be sufficient to pay the secured, unsecured, and priority unsecured claims.

Wells Fargo Bank, N.A. ("Creditor WFB") filed its Objection to Confirmation (Dckt. 76), which grounds include: (1) Debtor fails to provide for any payments on its secured claim, other than from proceeds from a future sale of property; (2) Creditor WFB has been trying to foreclose on its collateral since 2018, and has been derailed by the series of unsuccessful bankruptcy cases filed by Debtor; and (3) Debtor's proposed plan is for another 12-month period sale of property to fund a plan (in Debtor's Second Bankruptcy Case, the Plan provided for the sale of the 329 Hawk Ridge Drive property within 12 months to fund that Plan; 19-50887, Plan ¶ 2.02, Dckt. 11; and in Debtor's Third Bankruptcy Case the Plan filed on January 18, 2022, provided for the sale of the East Palo Alto Property within six months to fund the Plan, 22-20062, Plan ¶¶ 2.02, 2.03).

Though the Debtor's Third Bankruptcy Case filed in the Eastern District of California required the Plan to be completed and the East Palo Alto Property to be sold within six months,

during the nine months the case was pending, nothing on the Docket reflects any efforts by Debtor to hire a real estate professional or sell the property.

In the Current Fourth Bankruptcy Case, Debtor has not sought the employment of a real estate professional or the sale of the East Palo Alto Property.

## DENIAL OF MOTION TO VACATE AND FOR CONTINUANCE OF ALL RELATED PROCEEDINGS

### Denial of Motion for Reconsideration/Vacate Order Granting Relief From the Stay

The court first addresses Debtor's request that the Court Reconsider the court's prior order granting relief from the automatic stay. Though Debtor does not state the grounds and legal authority for this court "Reconsidering" the granting of relief from the stay so that the Gordon Property Management San Francisco could enforce any rights to obtain possession of the apartment rented by Debtor and others in Sunnyvale, California, the court applies the applicable law pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024.

This applying of the correct law, notwithstanding Debtor identifying it and stating grounds relating thereto, is the same as the Bankruptcy Court for the Northern District of California and the Bankruptcy Appellate panel did when Debtor sought Reconsideration of that Bankruptcy Court's order terminating the automatic stay. In those decisions, the correct law and what is required for such relief is explained by those courts. Unfortunately, the Debtor did not use that information in making the current request.

This court provides a detailed Ruling for the granting of the Motion for Relief From the Automatic Stay. Civil Minutes; Dckt. 96. This court delayed the effective date of the relief from stay twenty-five days to afford Debtor the opportunity to address that situation and prosecute the Current Fourth Bankruptcy Case. Though granting relief from the stay, the Debtor still has the right and opportunity to assert his various claims and defenses in any unlawful detainer litigation.

Federal Rule of Civil Procedure Rule 60(b), as made applicable by Federal Rule of Bankruptcy Procedure 9024, governs the reconsideration of a judgment or order. Grounds for relief from a final judgment, order, or other proceeding are limited to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A Rule 60(b) motion may not be used as a substitute for a timely appeal. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993). The court uses equitable principles when applying Rule 60(b). *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2857 (3d ed. 1998). The so-called catch-all provision, Federal Rule of Civil Procedure 60(b)(6), is "a grand reservoir of equitable power to do justice in a particular case." *Uni-Rty Corp. V. Guangdong Bldg., Inc.*, 571 F. App'x 62, 65 (2d Cir. 2014) (citation omitted). While the other enumerated provisions of Rule 60(b) and Rule 60(b)(6) are mutually exclusive, relief under Rule 60(b)(6) may be granted in extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988).

A condition of granting relief under Rule 60(b) is that the requesting party show that there is a meritorious claim or defense. This does not require a showing that the moving party will or is likely to prevail in the underlying action. Rather, the party seeking the relief must allege enough facts that, if taken as true, allow the court to determine if it appears that such defense or claim could be meritorious. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 60.24[1]–[2] (3d ed. 2010); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

**Review of Grounds Stated in *Ex Parte* Motion**

The grounds stated in the Motion for Reconsideration and For Continuance of all Related Proceedings (Current Fourth Bankruptcy Case Dckt. 108; Adv. 23-2001, Dckt. 11[1]) are summarized

[1] The one motion and supporting pleadings thereto have been filed in both the Bankruptcy Case and Adversary Proceeding, since the request has been made in connection with the Bankruptcy Case and the Adversary Proceeding.

by the court as follows:

A. Reconsideration is sought pursuant to 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008 which provide for the reconsideration of the allowance or disallowance of a claim for cause. Motion, p. 2:3-7.

B. An outstanding settlement offer was made, a counter offer made by Debtor, and no response to the counter offer has been delivered to Debtor. Therefore, Debtor concludes that the settlement offer was not made in good faith. *Id*., p. 2:8-12.

C. If the continuance is granted to allow Debtor to obtain the services of an "excellent professional lawyer," such lawyer would be able to show all of the errors "inherent during the status conference" at which the court granted relief from the automatic stay. *Id*., p. 2:13-16.

D. Extraordinary Circumstances Exist for Reconsideration, which are:

1. Debtor will be denied due process of law, because he has not yet obtained "competent legal representation." *Id*., p. 2:21-23.

2. Debtor is not clear if the court's order is an interlocutory or final order, so the motion is being presented under Federal Rule of Bankruptcy Procedure 2023 and Federal Rule of Bankruptcy Procedure 2024. *Id*., p. 2:25-27.

3. Debtor is 77 years old and needs "a zealous legal representation" to present controlling law and all new evidence. *Id*.; p.3:2-3.

4. Opposing sides have "employed trickeries" which have caused "mistakes, inadvertence, surprise, excusable neglect," and "possible void judgment." *Id*., p. 3:5-8. Reparations are required for Debtor.

In this part of the Motion, Debtor parrots the words from Federal Rule of Civil Procedure 60(b), but only the legal conclusion and not any alleged facts or grounds.

5. "Manifest Injustice" must be prevented, the court has been misled, and the order granted "by ways of subterfuges and obfuscations of the opposing sides." *Id*., p. 3:10-13.

Again, Debtor states general conclusions, but no grounds as they related to a Motion for Relief From the Stay by a landlord to go to state court and litigate the landlord's right to possession to the property and Debtor's contentions why he is owed money and does not have to pay rent.

6. Debtor needs from 90 to 180 days to obtain counsel, and process all of the "data intakes," *Id*., p.4:12-18.

7. Debtor has filed an Adversary Proceeding, and there are $3,000,000 of assets at issue. *Id*., p. 6:4-11.

Here, Debtor's various reasons to have the Order "Reconsidered" does not provide grounds for any of the Rule 60(b) provisions. Debtor believes that granting relief should be further delayed

with the automatic stay reinstated because Debtor has not yet been able to find "Zealous" and "Loyal" counsel to represent him. Additionally, all of the wrongs done to him in state court proceedings and that this court should review those state court proceedings and rulings, and will find them invalid. That is not a basis under Rule 60(b)(1)-(5) and is an "any other reason that justifies" such relief under Rule 60(b)(6).

As discussed below in connection with Debtor's request for continuance of all related proceedings and the above review of the Debtor's Second, Third, and now Fourth Current Bankruptcy Case, Debtor has been on his quest to find the right "Zealous" and "Loyal" counsel for forty (40) months. During that almost three and one-half years, Debtor has failed to find a counsel to his liking. It may be that he has had a series of bad luck and did not connect with one of the many attorneys in the Northern District or Eastern District of California who successfully and zealously represent debtors and debtors in possession in a multitude of bankruptcy cases. Or, it may be a situation where Debtor has expectations and is convinced that he has rights and claims to assert with which the various attorneys and legal services he has consulted with do not agree.

The Order granting relief from the stay is a separate matter based on the evidence and law submitted in support and opposition. All of the conclusions by Debtor that unidentified Injustice, Misrepresentation, Fraud, and other improper conduct have occurred in other proceedings, apparently most in state court, and that persons are purporting to be creditors by improperly asserting that they have claims against Debtor, must be adjudicated in proceedings other than this Motion for Relief From the Stay.

The Order granting the relief from stay is not an order allowing or disallowing a claim. It merely allows the lessor to take the lease dispute and asserted right to possession to the appropriate state court for an unlawful detainer action. Debtor's citation to 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008 are inapplicable to a motion for relief from the automatic stay.

Additionally, the Debtor has the right to not only oppose such relief, but also assert any rights and claims for affirmative relief. Those disputes are well beyond the scope of a motion for relief from the automatic stay. As stated by the Bankruptcy Appellate Panel, relief from stay proceedings are summary proceedings that address issues arising only under 11 U.S.C. Section

362(d). *Hamilton v. Hernandez (In re Hamilton)*, No. CC-04-1434-MaTK, 2005 Bankr. LEXIS 3427, at *8–9 (B.A.P. 9th Cir. Aug. 1, 2005) (citing *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985)). The court does not determine underlying issues of ownership, contractual rights of Case Number: 2022-21528 Filed: 10/18/2022 Doc # 100 parties, or issue declaratory relief as part of a motion for relief from the automatic stay in a Contested Matter (Federal Rule of Bankruptcy Procedure 9014).

Debtor has not show grounds for vacating the Order granting relief from the automatic stay.

Additionally, as discussed in connection with the Request For Continuance of All Related Proceedings, Debtor's quest for "Zealous" and "Loyal" counsel has been going on for forty (40) months now. It has spanned three bankruptcy cases. This is not a situation where a less sophisticated debtor stumbles into a bankruptcy case *pro se*, and then falls victim to an overly aggressive creditor who seeks relief from the stay shortly after the case is filed. Then before the less sophisticated *pro se* debtor can understand the bankruptcy process, the need for representation, and attempt to prosecute the bankruptcy case, the court "rubber stamps" an order for relief from the automatic stay.

Here, Debtor demonstrates that he is sophisticated and has substantial investment assets - stating that there are more than $3,300,000.00 in real property assets. On Schedule I, Debtor states that he and his non-debtor spouse have gross monthly income of $11,551.00. Dckt. 19 at 28-29.[2] On Schedule I, Debtor states that he is working to get a "Top Level Executive Job Position," for which his monthly income would be $12,000.00 to $20,000.00 a month. Debtor is not a simple, minimum wage worker. He includes rental or business income on Schedule I.

No "any other reason that justifies relief" grounds exist.

**Denial of Motion For Continuance of All Related Proceedings**

Debtor fails to provide grounds For Continuance of All Related Proceedings. Debtor has

---

[2] On Schedule I, Debtor does not list any deductions for income taxes. On Schedule J, Debtor lists no expense for paying income taxes. *Id.* at 30-31. It is not clear how Debtor would not have Federal and State Income taxes on $138,623.00 of gross income. If none is owed, that may show an even greater sophistication of Debtor.

effectively used forty-five (45) months; running from the April 20, 2019 filing of Debtor's Second Bankruptcy Case through the January 24, 2023 filing of the present Motion in the Current Fourth Bankruptcy Case; of non-productive bankruptcy filings in which he has had the protection of the automatic stay. For the last forty (40) months Debtor has stated that he is seeking the "Zealous" and "Loyal" attorney to represent him in the bankruptcy cases and other litigation to address the injustices done upon him.

After forty-five (45) months of bankruptcy proceedings, Debtor has not shown why a Continuance of All Related Proceedings is proper. For whatever reason, Debtor cannot find counsel that he wants to represent him. In the various cases filed by Debtor, his "plan" stated in his proposed Chapter 13 Plans is to get real property sold in six months in the Third Bankruptcy Case, or twelve (12) months in the Second and Current Fourth Bankruptcy Cases. However, nothing in the Second, Third, or Current Fourth Bankruptcy Cases indicates that he has taken any action required of a Chapter 13 debtor to try and get property sold.

Rather than seeking to properly prosecute a Chapter 13 case as required by the Bankruptcy Code, it appears that Debtor believes that he has the right to stay all of his creditors (some of which he disputes their claims) and not have to actively enforce his non-bankruptcy rights, with the automatic stay providing Debtor with a never-ending injunction until he finds an attorney who will do Debtor's bidding.

Based on the lack of prosecution of the Debtor's Current Fourth Bankruptcy Case, his Third Bankruptcy Case filed in this District, and the Second Bankruptcy Case filed in the Northern District, the court can see no good faith, *bona fide* basis for putting the Current Fourth Bankruptcy Case and All Related Proceedings on hold. There is nothing to indicate that after any continuance period would run, that the Debtor would not just be requesting yet a further continuance – as has occurred through the past forty (40) months in the Second, Third, and Current Fourth Bankruptcy Cases filed by Debtor.

The Motion For Continuance of All Related Proceedings is denied.

///

///

The court shall issue a separate order denying the *Ex Parte* Motion for Reconsideration and *Ex Parte* Motion For Continuance of All Related Proceedings.

**Dated:** February 02, 2023 **By the Court**

**Ronald H. Sargis, Judge**
**United States Bankruptcy Court**

# Instructions to Clerk of Court

**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| | |
|---|---|
| **Debtor(s) / Plaintiff-Debtor(s)** | **Attorney for the Debtor(s) / Plaintiff-Debtor**(s) (if any) |
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney(s) for the Trustee** (if any) | All On Court's Mailing List<br>[Bankruptcy Case and Adversary Proceeding] |